### Mary Elizabeth McCann et al., on appeal of Mary Elizabeth McCann, Appellants, v. The Ladies of the Maccabees of the World, Appellee.

### Gen. No. 17,951.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 14, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by Mary Elizabeth McCann and others against The Ladies of the Maccabees of the World to recover as beneficiaries under a benefit certificate issued by defendant. From a judgment in favor of plaintiffs to the extent of the amount tendered by the defendant, $163.25 and $14 costs, plaintiff appeals.

WILLIAM E. KEELEY, for appellants.

BASTRUP & O'NEILL, for appellee.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 749*—*validity of contract.* A contract of insurance outside the object of the creation of the society and beyond the powers conferred upon it by the State of its organization is wholly void.

2. INSURANCE, § 749*—*when contract ultra vires.* Contract insuring an applicant whose age is in excess of the age limit fixed by statute of the State in which the benefit society was organized is *ultra vires.*

3. INSURANCE, § 759*—*when parties not estopped to deny invalidity of contract.* When a contract of insurance is beyond the power conferred upon the society by existing laws, neither the society nor the other party to the contract can, by acting on it or assenting to it, be estopped to show that it was prohibited by law.

4. INSURANCE, § 752*—*when false statement in application avoids certificate.* Where by the terms of the certificate a statement in the application concerning age of applicant is a warranty, a substantial breach of such warranty will defeat the certificate unless waived by the society.

5. INSURANCE, § 887*—*when statements in application not admissible.* The mere statement in the application of the age of applicant is not evidence of such fact.

6. INSURANCE, § 897*—*when evidence warrants directed verdict.* Where the uncontradicted evidence clearly shows that the member falsely stated her age in the application and that the age of such member was beyond the age limit fixed by statute, the court is

justified in taking the case from the jury and directing a verdict for the plaintiff to the extent of the amount tendered by the defendant.

## Charles Fuerboeter, Appellee, v. Rittenhouse & Embree Company, Appellant.

### Gen. No. 17,987.    (Not to be reported in full.)

### Statement of the Case.

Action by Charles Fuerboeter against Rittenhouse & Embree Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals.

ADAMS, BOBB & ADAMS, for appellant.

WILLIAM C. ASAY and JEREMIAH B. O'CONNELL, for appellee.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.